IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARTHUR L. POPE,

    Plaintiff,

v.                                                CIV 98-632 BB/KBM

JOHN SHANKS,

    Defendant

# ORDER AND
# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on a number of motions. In response to the most recent order to cure defects, Plaintiff filed a motion to proceed *in forma pauperis*, which will be granted. Among the pending motions is Defendant's motion to dismiss and/or for summary judgment *(Doc. 12)*. Having considered the arguments, pleadings, relevant law, and being otherwise fully advised, the Court finds Defendant's motion is meritorious and recommends that summary judgment be granted. All other pending motions are moot and should be denied.

## Background

Plaintiff, an Afro-American, was incarcerated in New Mexico and subsequently transferred to a county facility in Dallas, Texas pursuant to a joint powers agreement. He alleges that upon his transfer to Texas, he was assigned to a pod occupied exclusively by Hispanic inmates. Plaintiff asserts that four of the Hispanic inmates attacked him causing lower back and eye injuries. Pope contends that correctional officials knew or should have anticipated that the racial imbalance in the Texas housing unit would result in an assault against him.

Plaintiff is currently pursuing litigation in the federal district court for the Northern District of Texas against correctional officers of the Texas facility who were allegedly involved with this incident on a "failure to protect" theory of liability. In his suit here, the sole remaining defendant is John Shanks, Director of the Adult Prisons Divisions for the New Mexico Corrections Department. The matter is proceeding against Mr. Shanks in his individual capacity only, and he has filed a motion to dismiss or for summary judgment with a supporting affidavit.

## **Standard for Summary Judgment**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence" that would justify sending the case to a jury. *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)). Indeed, summary judgment

> is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." . . . Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

In Paragraphs 11 and 12 of his affidavit, Defendant Shanks has testified that neither he nor

2

the Classifications Bureau staff had any knowledge of or involvement in determining which housing unit within the Dallas County Jail to which Mr. Pope would have been assigned. He further testified that neither he nor his staff exercised any oversight over the racial or ethnic makeup of inmates in the housing units in the Dallas County Jail to which New Mexico inmates would have been assigned. Defendant Shanks states that neither he nor his staff had received any complaints or other communications that would have prompted inquiry into such issues.

Plaintiff does not seem to dispute that Defendant Shanks had no involvement in the decision where to house him within the Texas facility. *See Docs. 13 & 15.* Indeed, the Texas litigation has been brought against those Plaintiff contends made the placement decision. Plaintiff instead argues that Defendant Shanks, as the New Mexico Director of Corrections, is ultimately responsible for New Mexico adult prisoners regardless of where they are housed.

Yet whether housed in-state or out-of-state, Defendant cannot be held liable for a failure to protect unless he was personally and directly involved with the conduct of which Plaintiff complains. To be held liable for a failure to protect, Defendant Shanks had to know that Plaintiff faced a "substantial risk of serious harm" and disregarded that information. *E.g., Grimsley v. MacKay,* 93 F.3d 676, 680 (10th Cir. 1996); *see also generally Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Riddle v. Mondragon,* 83 F.3d 1197 (10th Cir. 1996). The allegations and record establish that Shanks was unaware that Plaintiff would be placed in a pod posing any substantial risk of serious harm to Plaintiff.

Because dismissal is appropriate for Defendant's lack of personal involvement, it is unnecessary to address Defendant's alternative contention that the suit should be dismissed for failure to exhaust administrative remedies through the internal grievance procedures afforded by

3

the Texas facility.

Wherefore,

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Proceed *In Forma Pauperis (Doc. 27-1)* is GRANTED.

**IT IS RECOMMENDED THAT:**

1. Defendant's Motion for Summary Judgment *(Doc. 12-2)* be GRANTED; and

2. Defendant's Motion to Dismiss *(Doc. 12-1)*, Defendant's Motion for a Stay or Protective Order *(Docs. 17-1 & 17-2)* and Plaintiff's Motion To Compel Response and Production of Documents *(Doc. 15-1)* be DENIED AS MOOT.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

*[signature: Karen B Molzen]*
UNITED STATES MAGISTRATE JUDGE